UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MICHAEL LANG, et al., | ) | |
| | ) | |
| Plaintiffs/Counterclaim | ) | Civil Action No. 6: 13-038-DCR |
| Defendants, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES MATTISON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants/Counterclaim | ) | |
| Plaintiffs. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion to remand by Plaintiffs and Counterclaim Defendants Michael Lang, Bobie Patton, and Sunrise Automotive, LLC (collectively "plaintiffs"). [Record No. 5] For the reasons discussed below, the motion will be denied.

**I.**

Plaintiffs Michael Lang and Bobie Patton restore, market and refurbish vintage Pontiac Trans Ams through their business Sunrise Automotive, LLC ("Sunrise"). [Record No. 6, p. 1] Sunrise is a limited liability company, incorporated and formed pursuant to Kentucky law. Lang and Patton are both citizens and residents of Laurel County, Kentucky. [Record No. 1-2, p. 1] Defendant James Mattison is a citizen of Michigan. He also restores and markets classic cars through a Michigan corporation, PHS Muscle Cars, LLC ("PHS"). [*Id.*] Additionally, Mattison

-1-

is involved in a separate Michigan corporation, Pontiac Historic Services, which authenticates vintage cars by providing historical background and VIN numbers.  [*Id.*]

This matter stems from transactions between these parties and "other car enthusiasts." [Record No. 6, p. 2]  The Complaint alleges that, over the past two years, Sunrise "has been operating under an oral agreement with [Pontiac] for both the purchase of automotive bodies, parts and supplies as well as the advertising and sales of its Trans Ams."  [Record No. 1-2, p. 4] The plaintiffs allege that Defendant Mattison interfered in a deal that Sunrise had with a Trans Am owner to restore his vehicle.  The plaintiffs assert that in December 2012, Mattison contacted the Trans Am owner and advised him that he was being "conned" by Sunrise, which caused the owner to cancel a contract with Sunrise without further payment.  This restoration process would have been taped, and the plaintiffs contend that there were plans to air the restoration on a national cable channel.

On December 28, 2012, the plaintiffs filed this action, alleging breach of contract, common law defamation, and tortious interference.  And on January 7, 2013, the plaintiffs filed a First Amended Complaint regarding additional transactions between the parties.  They added a claim for "Breach of Contract - Quantum Meruit."  [Record No. 1-3, p. 3]  The defendants answered and counterclaimed, requesting an accounting and asserting claims for: breach of fiduciary duties; fraudulent or negligent misrepresentation; breach of contract; and conversion. Additionally, they requested an award of punitive damages.  [Record No. 1-4] Following the filing of their answer and counterclaim, the defendants removed the action to this Court based

on diversity of citizenship pursuant to 28 U.S.C. § 1332.  After the plaintiffs filed the motion to remand, the defendants filed an Amended Notice of Removal.  [Record No. 8]

The plaintiffs seek to remand the case to state court for two reasons.  First, they argue that the defendants have failed to perfect removal in accordance with the procedural requirements of 28 U.S.C. § 1446(a) and (d).  The plaintiffs also argue that by filing the counterclaim, the defendants waived removal and submitted to the jurisdiction of the state court.

## II.

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court.  In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Although a district court must remand a case if it lacks subject matter jurisdiction, the court is not required to raise issues of timeliness or other procedural requirements *sua sponte*. *See, e.g.*, *May v. Johnson Controls, Inc.* 440 F. Supp. 2d 879, 881 (W.D. Tenn. 2006).  Instead, the burden is on the non-removing party to raise these arguments within thirty days of the filing of the notice of removal.  28 U.S.C. § 1447(c); *see Grudzinski v. Staren*, 87 F. App'x 508, 512 (6th Cir. 2004) (noting that "untimely removal is a procedural rather than a jurisdictional defect").

Once the non-removing party moves to remand based on a procedural defect, the statutory procedures for removal are to be strictly construed and any doubts concerning jurisdiction should

be resolved in favor of remand.  *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

## III.

### A.      Removal Requirements

As an initial matter, the Court must address whether this action should be remanded because the defendants failed to perfect removal in accordance with 28 U.S.C. § 1446.  The plaintiffs allege that the defendants failed to: (1) file a copy of the notice with the clerk of the State court, as required by 28 U.S.C. 1446(d); (2) attach a copy of the summons to the notice of removal; and (3) adequately allege diversity of citizenship, by mentioning only Mattison's residence.

### 1.      Notifying State Court of Removal

The first defect in removal is the defendant's failure to file a notice of removal with the Laurel County Circuit Court upon removal of the action to federal court.  However, the defendants assert that they filed a notice of removal with the state court on March 25, 2013, after realizing that they failed to do so when the action was first removed on February 20, 2013.  Thus, they argue that any "concurrent jurisdiction" between the state court and this Court was cured once the notice of removal was filed with the state court.

The statutory requirements of removal include that the removing party provide notice to the adverse parties and to the state court.  Specifically:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the

removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).   The requirement of notice to the state court "is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction." *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993).  Before notice is given to the state court upon removal, jurisdiction over the case is somewhat uncertain, due to the possibility that the state and federal court have concurrent jurisdiction.  *See* 14C Charles A. Wright, et al., *Federal Practice & Procedure* §§ 3736-3737 (1985) (explaining the different approaches in interpreting Section 1446(d) and when state court jurisdiction terminates upon removal).

The plaintiffs argue that the case should be remanded because the defendants did not notify the state court of the removal until a month after the Notice of Removal was filed with this court.  However, this defect was cured by the notice filed in state court on March 25, 2013.  Other courts have denied similar motions to remand on the same basis, taking into account the "technical" nature of the defect, as long as the defendant has promptly cured the defect.  *See, e.g., Fayre v. High's of Baltimore*, 541 F. Supp. 2d 752, 754 (D. Md. 2008) (denying motion to remand where the notice of removal was not filed with the state court because of the technical nature of the objection and the defendant's prompt curing of the defect); *see also Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F. Supp. 2d 1009 (W.D. Mo. 2012) (stating that remand was not warranted due to the defendants' 67-day delay in filing the notice of removal with the state court).  Although it would have been preferable had the defendants notified the state court of the removal concurrently with the federal court, this defect does not require remand in this case because removal was eventually effected on March 25, 2013.  The plaintiffs concede that

-5-

no definitive case law in the Sixth Circuit requires remand where this type of procedural defect was eventually cured.  Additionally, as the defendants point out, no activity took place in the Laurel County Circuit Court during the delay.  Therefore, any concurrent jurisdiction did not affect the case.  In addition, the plaintiffs have shown no prejudice resulting from the temporary delay in effecting removal.  Accordingly, the Court will not remand the case due to the defendants' delay in filing the notice of removal with the state court.

### 2.    Diversity of Citizenship

The plaintiffs also argue that the defendants have failed to properly allege diversity of citizenship because they only mention the *residency* of Defendant Mattison.  The defendants respond that their amended notice of removal cured this defect by confirming that Mattison is not only a permanent resident of the state of Michigan, but also a *citizen* of the state of Michigan. [Record No. 8, p. 1]

Allegations of residency alone are generally insufficient to establish "citizenship" for the purposes of diversity jurisdiction.  *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002).  However, an amended pleading may cure defective allegations of jurisdiction outside of the 30-day time period prescribed by 28 U.S.C. § 1446(b)(1) where the amendment "corrects only a defective allegation and does not provide a new jurisdictional ground." *Jackson v. Met. Life Ins. Co.*, 433 F. Supp. 707 (E.D. Ky. 1977); *see also* 28 U.S.C. 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

In this case, the plaintiffs do not maintain that the Court lacks subject matter jurisdiction over the matter.  Instead, they simply find fault with the defendant's allegations of citizenship.[1]  Accordingly, the Court concludes that the amendment to the Notice of Removal adequately cured the defective pleading.  Thus, the matter will not be remanded on this basis.

### 3. Failure to Attach Summons

The plaintiffs also argue that the defendants' failure to attach the summons from the state court is a deficiency requiring remand.  They argue that "[t]his is particularly true where Defendants raise questions within that same notice as to whether this Court has personal jurisdiction over the parties."  [Record No. 6, p. 5]  The defendants again respond that this "inadvertent omission" was cured by the Amended Notice of Removal, which attached the missing summons.  Although the defendants were required to file a copy of all process pleadings and orders, 28 U.S.C. § 1446(a), the Amended Notice of Removal attaches the missing summons.  The plaintiffs' concern that the Court "would [] be unable to judge the validity of Defendant's newly raised defense where the service of summons could not be verified" is now moot.  [Record No. 11, p. 3]  In addition, the plaintiffs have not alleged that the amended notice fails to cure the original defect.  Accordingly, this is no longer an appropriate basis for remand.

### B. Counterclaim

The plaintiffs also contend that the defendants waived their right of removal be filing a counterclaim in state court.  They argue that the counterclaims arose out of "a discrete transaction that is distinct from the subject of Plaintiffs' complaint and amended complaint."

---

[1] The plaintiffs allege in the complaint that "Defendant James A. Mattison is, and was at all times relevant, a citizen and resident of the state of Michigan."  [Record No. 1-2, p. 2]

[Record No. 11, pp. 5-6] And in particular, they argue that the counterclaims go beyond the scope of the Complaint and First Amended Complaint. The defendants counter that remanding because of the asserted counterclaims would be improper because there is no Sixth Circuit precedent regarding this issue. [Record No. 9, p. 3] Alternatively, the defendants argue that their counterclaims were compulsory counterclaims, not permissive, and that they had no intent to waive their right of removal by asserting the claims.

Although the Sixth Circuit has not addressed the issue, other courts have held that a party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim waives its right to removal. *Sood v. Advanced Computer Techniques Corp.*, 308 F. Supp. 239, 240 (E.D. Va. 1969) (holding that the filing of a voluntary counterclaim in state court constituted waiver of the right to removal because the defendant had "invoked the jurisdiction of the court in the same action, and by invoking, submitted to it"). Courts following this approach make clear that, if the counterclaim in question is compulsory rather than permissive, the filing does not waive a party's right to remove the action to federal court. *Cal. Republican Party v. Mercier,* 652 F. Supp. 928, 931 (C.D. Cal. 1986).

Under the Federal Rules of Civil Procedure, a counterclaim is compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). An opposing party's failure to plead a compulsory counterclaim "forever bars that party from raising the claim in another action." *Sanders v. First Nat. Bank & Trust Co.*, 936 F.2d 273, 277 (6th Cir. 1991) (internal citation omitted). A

-8-

permissive counterclaim is simply any claim against an opposing party that is not compulsory. Fed. R. Civ. P. 13(b). "The Sixth Circuit applies the 'logical relationship' test for determining whether a claim arises out of the same transaction or occurrence." *Sanders*, 936 F.2d at 277. Under that test, the Court determines "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.*

The plaintiffs argue that the defendants "have gone beyond the original and first amended complaints to seek recovery for a supposed loan that occurred between the parties" and that the claims asserted "arose at different times and purportedly involve different vehicles." [Record No. 6, p. 7] They further argue that the defendants want to "have their cake and eat it too" and that this "does not comport with the intent of the removal statutes." [*Id.*]

The plaintiffs' claims of breach of contract, common law defamation, tortious interference, and breach of contract – quantum meruit arise out of a two-year oral agreement with Defendant PHS "for the purchase of automotive bodies, parts and supplies as well as the advertising and sales of its Trans Am." [Record No. 1-2, p. 4] The business relationship apparently began sometime in 2010. In addition, the factual allegations relied upon in the Complaint include a June 2012 agreement to restore a 1969 Trans Am, as well as defamatory statements allegedly made by Defendant Mattison on December 21, 2012. The facts added by the First Amended Complaint include two transactions, beginning in December 2011, regarding restorations of two Pontiac Trans Ams.[2] The counterclaims — demand for accounting, breach

---

[2]The Trans Ams had VIN Numbers of 2W87K9N114662 and 2W87Z9N113741. Presumably, these are the vehicles identified in Defendants' counterclaim as Stock #4 and Stock

of fiduciary duties, fraudulent or negligent misrepresentation, breach of contract, and conversion — rely on facts regarding the same two vehicles, the restoration of which began in 2011, and factual allegations regarding loans involving several transactions between the parties occurring in 2011 and 2012.[3]  [Record No. 1-4]

The Court is persuaded by the defendants' argument that "the waiver of Defendants' right to remove should not be so lightly inferred [where there is a razor-thin call regarding the nature of the counterclaims], particularly in the absence of any controlling authority in this circuit regarding the legal arguments" supporting remand.  [Record No. 9, p. 7]  First, at least a portion of the claims and counterclaims arise out of the same transaction or occurrence, specifically regarding the invoices for $46,000 that are relied upon by each of the parties.[4]  Both the plaintiffs and the defendants have alleged that the opposing parties breached their contracts regarding the restoration of these two vehicles.   Thus, at the very least, a portion of the defendants' counterclaim was compulsory.  In addition, in defending the plaintiff's defamation claim, the defendants will rely upon evidence from their business relationship, including the alleged contracts that make up the basis of the plaintiff's claims.[5]  Thus,  the defendants have shown that

---

#11.  [Record No. 1-4, p. 11]

[3]The defendants' counterclaim more specifically addresses the parties' business dealings over the last several years, including conversations between the parties.

[4]The Court has found no authority regarding waiver of right to remove where there are "mixed" counterclaims, *i.e.,* both compulsory and mandatory claims together in a counterclaim.

[5]The defendants have stated that the parties' business relationship "is certainly relevant in demonstrating that the statements in question made by Defendant Mattison to a third party were entirely privileged and therefore immune from suit for defamation."  [Record No. 9, p. 5 n.3]  In addition, the defendants' argument that the allegedly defamatory statements were true will require further exploration of the parties' business relationship.

"substantially the same evidence would support or refute both claims." *Sanders*, 936 F.2d at 277.

**IV.**

The majority of the plaintiffs' arguments supporting remand were procedural defects that were cured by the defendants' Amended Notice of Removal.  Additionally, the plaintiffs argument regarding the defendants' counterclaim does not necessitate remand in this case. Accordingly, it is hereby

**ORDERED** that the plaintiffs' motion to remand [Record No. 5] is **DENIED**.

This 14th day of May, 2013.



Signed By:
*Danny C. Reeves*
United States District Judge